**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 97-50205

_____

CATHY KELLEY,

Plaintiff-Appellant,

VERSUS

AMERICAN HEYER-SCHULTE CORPORATION,
formerly known as Heyer-Schulte Corporation, et al.,

Defendants,

BAXTER HEALTHCARE HEALTHCARE CORPORATION
and
BAXTER INTERNATIONAL, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
(SA-93-CV-145)

_____

March 5, 1998

Before POLITZ, Chief Judge, SMITH and DUHÉ, Circuit Judges.

PER CURIAM:[*]


We are compelled to notice potential problems with our

jurisdiction, *sua sponte* if necessary.  We have asked the parties

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to brief the question whether we have jurisdiction in this case. Having reviewed the briefs and heard oral argument on the question of jurisdiction, and having consulted the applicable law and pertinent portions of the record, we conclude that we are without jurisdiction to consider this appeal under the binding authority of *Ryan v. Occidental Petroleum Corp.*, 577 F.2d 298, 301-02 (5th Cir. 1978).

Accordingly, the appeal is DISMISSED. There being no final, appealable judgment, this matter remains in the district court, which retains jurisdiction to revisit its rulings if appropriate. In this regard, we call to the district court's attention that on January 20, 1998, the en banc court heard oral argument in No. 95-20492, *Moore v. Ashland Chem., Inc.* Also, on December 15, 1997, the Supreme Court decided *General Elec. Co. v. Joiner*, 118 S. Ct. 512 (1997). The district court may wish to await the en banc decision in *Moore* before deciding whether to address any of its rulings herein. We intimate absolutely no view as to what action, if any, the district court should take in regard to these matters, as we are without jurisdiction.

APPEAL DISMISSED.